FILED
CLERK
9/1/2015 10:32 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

WILLIAM SCULLY, also known as "Liam Scully,"

                      Defendant.
----------------------------------------------------------------x

**DECISION AND ORDER**
14-cr-208(ADS)

## APPEARANCES

**OFFICE OF THE UNITED STATES ATTORNEY FOR THE EASTERN DISTRICT OF NEW YORK**
*Attorneys for the Government*
610 Federal Plaza
Central Islip, New York 11722
    By:    Charles Peter Kelly, Esq.
                Brendan G. King, Esq., Assistant United States Attorneys

**KATTEN MUCHIN ROSENMAN LLP**
*Attorneys for the Defendant William Scully*
575 Madison Avenue
New York, NY 10022
    By:    Scott A. Resnik, Esq.
                Michael Max Rosensaft, Esq., Of Counsel

**SARMASTI PLLC**
*Attorneys for Non-Party Jersey HemeOnc, LLC*
729 Seventh Avenue, 17th Floor
New York, NY 10019
    By:    Vafa Sarmasti, Esq., Of Counsel

**SPATT, District Judge:**

On July 11, 2015, the Court, in its discretion and after having considered the governing legal principles, authorized the Defendant William Scully a/k/a Liam Scully ("Scully" or the "Defendant") to serve subpoenas for documents pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 17(c). The Court authorized Scully to make the subpoenas returnable on or before August 24, 2015.

On August 23, 2015, one day before compliance with Scully's subpoenas was required, the Government filed papers with the Court, which indicated that "at least one of [Scully's former] customers . . . who received Rule 17 Subpoenas but who were not included in the government's motion, have advised [the Government] that they will be challenging the subpoenas and not producing documents until ordered to do so."

In this regard, on August 24, 2015, the day responses to the subpoenas were due, the Court, in a written Decision and Order, noted as follows:

> [T]he subject subpoenas were Court-ordered; they were made returnable on August 24, 2015; and compliance with them was not suggested, it was required by law. Thus, the recipients were already "ordered to" comply with the subpoenas. To the extent the individuals and entities referenced in the Government's papers have neither timely moved to quash nor responded to the subpoenas, they are already in violation of this Court's directives and the Court will consider appropriate motions relative to their actions.

Apparently, one of the former customers referenced in the Government's motion papers was a non-party medical practice known as Jersey HemeOnc, LLC (the "Movant").

2

On August 24, 2015, the Movant filed a motion, which is presently pending before the Court, seeking to quash one of Scully's subpoenas.

In its motion papers, the Movant concedes that it was served with a subpoena on July 20, 2015. However, the Movant failed to respond to the subpoena; failed to confer with the Defendant's counsel to narrow its scope; and failed to timely move to quash. Instead, the Movant waited more than one month, until August 24, 2015, the very day it was obligated to provide responsive documents, to make the instant motion.

The Court notes that the instant motion is not yet fully briefed, but, at the outset, reiterates its previous observation: the Movant is in violation of this Court's prior Order. Compliance with the subpoena was not optional, it was mandatory. In the Court's view, there is no justifiable excuse for the Movant's failure to take any action with regard to the subpoena for more than one month, and to make a motion on the same day its response was due, claiming that compliance would be burdensome.

Thus, the Court hereby directs the Movant to confer with counsel for Defendant immediately regarding a negotiated resolution of the instant motion. The Court strongly urges the parties to engage in good faith discussions to narrow the scope of the subject subpoena; redact purportedly personal, confidential, or proprietary information; and/or negotiate the terms of a protective order that is acceptable to all sides.

The Movant shall submit a Status Report no later than Friday, September 4, 2015, at 2:30 P.M., advising the Court as to the status of such negotiations and whether it intends to withdraw its instant motion, subject to certain stipulated terms. If not, its reply papers, if any, shall be served no later than Tuesday, September 8, 2015, at 7:30 A.M.

It is

**SO ORDERED**

Dated: Central Islip, New York
September 1, 2015

*/s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge