UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-                              **DECISION AND ORDER**
                                          14-CR-208 (ADS)

WILLIAM SCULLY, also known as "Liam Scully,"

                              Defendant.
----------------------------------------------------------------x

**APPEARANCES**

**United States Attorney's Office, Eastern District of New York**
*Attorneys for the Government*
610 Federal Plaza
Central Islip, NY 11722
      By:    Charles P. Kelly
               Kenneth M. Abell, Assistant United States Attorneys

**Katten Muchin Rosenman LLP**
*Attorneys for the Defendant*
575 Madison Avenue
New York, NY 10022
      By:    Scott A. Resnik, Esq.
               Michael M. Rosensaft, Esq., Of Counsel

**SPATT, District Judge:**

Presently before the Court is a motion by the Government, pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2, seeking a preliminary order of forfeiture as to certain money and property allegedly constituting or derived from proceeds traceable to the crimes for which the Defendant William Scully a/k/a Liam Scully (the "Defendant" or "Scully") was convicted.

                                    **I.    Background**

The relevant facts and procedural history of this case were set forth in detail in the Court's March 16, 2016 Memorandum of Decision and Order, see United States v. Scully,

14-cr-208, 2016 U.S. Dist. LEXIS 34769 (E.D.N.Y. Mar. 16, 2016), and the parties' familiarity with the underlying record is presumed. Nevertheless, the Court notes that on November 12, 2015, a jury found the Defendant guilty of 66 felony counts arising out of his importation and distribution of unapproved and misbranded prescription drugs and pharmaceutical products. The offenses of conviction included: one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; eleven counts of substantive wire fraud in violation of 18 U.S.C. § 1343; one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349; sixteen counts of substantive mail fraud in violation of 18 U.S.C. § 1341; one count of conspiracy to distribute misbranded drugs in violation of 18 U.S.C. § 371; seventeen counts of introducing misbranded drugs into interstate commerce in violation of 21 U.S.C. §§ 331(a) and 333(a)(2); seventeen counts of receiving misbranded drugs in interstate commerce and delivering them for pay in violation of 21 U.S.C. §§ 331(c) and 333(a)(2); one count of introducing unapproved drugs into interstate commerce in violation of 18 U.S.C. § 545; and one count of unlicensed wholesale distribution of prescription drugs in violation of 18 U.S.C. § 2320(a)(4).

On December 4, 2015, the Defendant moved under Fed. R. Crim. P. 29 for a judgment of acquittal, and under Fed. R. Crim. P. 33 for a new trial. On March 16, 2016, the Court granted in part and denied in part the Defendant's Rule 29 motion, vacating the convictions as to Counts 45 and 62 of the superseding indictment – which charged Scully with felony violations of the federal Food Drug & Cosmetic Act, 21 U.S.C. § 301 *et seq.* – and finding that the evidence adduced at the trial in support of those counts had been insufficient to sustain the jury's guilty verdicts. The Court denied the Rule 29 motion in all other respects, and denied the Rule 33 motion in its entirety.

In the current motion, the Government seeks a preliminary order of forfeiture against the Defendant, consisting of: (i) a money judgment representing the proceeds

traceable to the guilty counts of mail and wire fraud; and (ii) forfeiture of various misbranded prescription drugs and medical devices that were introduced at the trial as Government Exhibits "85" and "90."

Of importance, the Defendant does not dispute that forfeiture is appropriate in this case. Rather, he asserts narrow challenges as to the proper amount of an eventual money judgment against him, and to the specific medical devices that the Government contends are forfeitable.

## II. Discussion

As noted above, the Defendant does not oppose the basic relief sought in the Government's motion. Therefore, the Court finds that it is not necessary to conduct a complete review of the statutory framework used for determining whether forfeiture is warranted. Instead, the Court will limit its discussion of the applicable legal principles to the parties' specific contentions regarding the proper scope of the forfeiture.

### A. As to a Personal Money Judgment against the Defendant

In this case, Scully concedes that a personal money judgment in the amount of $1,389,875 is warranted as to his convictions on 29 counts of mail and wire fraud. See Def. Opp. at 3 (conceding that "[t]he forfeitable amount related to the wire fraud and mail fraud counts of conviction at trial is $1,389,875"). In fact, Scully's motion papers include a seven-page exhibit detailing the relevant evidence adduced at the trial which supports this figure. See Def. Opp. Ex. "A."

The Government consents to his calculation in this regard. See, e.g., Govt. Reply at 2 (noting that "the government consents to a forfeiture amount of $1,389,875"). Thus, for purposes of this opinion, the Court will refer to this sum as the "Stipulated Amount."

Scully further contends that the Stipulated Amount should be reduced by a sum of $500,000, which represents the amount that co-defendant Shahrad Rodi Lameh already

agreed to forfeit after pleading guilty to two counts of fraud conspiracy. The Government does not directly oppose this offset, and states that it consents to the Stipulated Amount being "joint and several" among the co-Defendants. See Govt. Reply at 2.

The Court construes this concession to mean that the Government agrees to an aggregate forfeiture of the Stipulated Amount, with $500,000 being contributed by Lameh pursuant to the Order of forfeiture already entered against him, see DE [45], and the balance, namely $889,875, to be contributed by Scully.

Accordingly, the portion of the Government's motion seeking a personal money judgment against the Defendant is granted, and a judgment against him in the amount of $889,875 will be entered.

### B. As to the Forfeiture of the Property Comprising Government Exhibits "85" and "90"

The Government also seeks to forfeit certain misbranded drugs and medical devices that were introduced at trial as Government Exhibits "85" and "90." Scully consents to the forfeiture of Government Exhibit "90," and so the Court will order him to surrender any interest in such property to the Government.

However, Scully objects to the forfeiture of a portion of Government Exhibit "85." By way of relevant background, on May 24, 2012, in connection with the investigation that ultimately culminated with the indictment in this case, federal agents executed a search warrant at the offices of Scully's primary corporation, namely, Pharmalogical Inc., and seized various unapproved prescription drugs and medical devices. (Tr. 1996). On the first day of the trial, namely, October 8, 2015, the Government submitted a stipulation between the parties, which provided, in part, that:

> Exhibit 85 consists of all drugs and devices seized at Pharmalogical['s] offices on May 24, 2012, in accordance with the search warrants issued by Magistrate Judge William D. Wall on May 18, 2012, and May 21, 2012, being Exhibits 136 and 137.

Tr. 204, Gov. Ex. "S-1".

Pursuant to this stipulation, and without any objection by the defense, the Government proceeded to introduce into evidence twelve product samples of various prescription drugs and medical devices that were confiscated during the search. (Tr. 206-08). These samples were designated as Government Exhibits "85-A" through "85-L."

In the current motion, Scully consents to the forfeiture of all "misbranded prescription drugs" contained in Government Exhibit "85." However, he asserts that he objects to the forfeiture of certain unspecified medical devices contained in the exhibit, which he contends "were neither alleged, nor proven to be misbranded." Def. Opp. at 1.

At the outset, the Court notes that Scully fails to identify the exhibit numbers, or even the names of the products that form the basis of his argument. Further, he does not deny that these unspecified medical devices are, in fact, misbranded. Rather, he states merely that the proof at trial was insufficient to establish this fact. The Court finds that this argument is unavailing.

The relevant statute is broadly-worded and authorizes the forfeiture of "any property that 'constitutes or is derived from [the] proceeds traceable to' the offense that is subject to forfeiture." United States v. Torres, 703 F.3d 194, 197 (2d Cir. 2012), cert. denied, __ U.S. __, 133 S. Ct. 2782, 186 L. Ed. 2d 229 (2013) (quoting 18 U.S.C. § 981(a)(1)(C)). The statute defines "proceeds" as " 'property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense.' " Id. (quoting 18 U.S.C. § 981(a)(2)(A)).

In this regard, the Second Circuit has explained that "[t]his language evinces an intent to reach all manner of property in the defendant's possession and fairly considered as derived from the crime of conviction. Stated otherwise, so long as there is a causal nexus between the wrongdoer's possession of the property and her crime, the property may be said to have been 'obtained' by her 'indirectly' as a result of her offense." Id. at 199.

In this case, as outlined more fully in the Court's March 16, 2016 Memorandum of Decision and Order, the evidence adduced at the trial was more than sufficient to support a finding, by a preponderance of the evidence, that the medical devices seized by FDA investigators during the execution of the May 24, 2012 search warrant were misbranded. See United States v. Roberts, 660 F3d 149, 165 (2d Cir. 2011), cert. denied, __ U.S. __, 132 S. Ct. 1640, 182 L. Ed. 2d 239 (2012) ("The government's burden of proof with respect to forfeiture is a preponderance of the evidence").

Of particular note, the Government asserts, and the Defendant does not dispute, that the devices forming the basis of Scully's current objection are fourteen expired intrauterine devices, known as "Nova-T 380 IUDs", which were never approved for use in the United States. See Govt. Reply at 2. At the trial, FDA Special Agent Matthew Comerford testified that he attended the execution of the search warrant, and was able to identify labeling deficiencies in eleven of the twelve confiscated drug samples in Government Exhibit "85," which rendered them misbranded. (Tr. 1981-39). Further, both Scully and Richard Gertler, Esq. testified that certain other items, which were originally confiscated during the search, were subsequently deemed not to be misbranded and returned to Pharmalogical. (Tr. 2902, 2127-28, 2443-44). The Nova-T 380 IUDs in question were apparently not among the devices returned to Pharmalogical.

Thus, taken in the context of the broader trial record, which this Court has found was sufficient to sustain convictions on 64 felony counts arising from Scully's importation

6

and distribution of unapproved and misbranded prescription drugs and medical devices, the Court is now of the view that a sufficient evidentiary basis also exists to conclude that the contents of Government "85" constitute or are derived from proceeds traceable to the offenses of conviction, and that an order of forfeiture as to all items contained in Government Exhibit "85" is warranted.

### III.    Conclusion

Based on the foregoing, the Government's motion for a preliminary order of forfeiture pursuant to Fed. R. Crim. P. 32.2 is granted. Accordingly, a money judgment in the amount of $889,875 shall issue in favor of the United States of America against Defendant William Scully, and Scully shall forfeit to the United States all of his right, title, and interest in the property constituting Government Exhibits "85" and "90."

On or before April 8, 2016, the Government may submit for the Court's review and signature a proposed Preliminary Order of Forfeiture consistent with this Decision and Order. This and any subsequent preliminary order of forfeiture shall become final as to Scully at the time of his sentencing, and shall be made part of the sentence and included in the judgment, pursuant to Fed. R. Crim. P. 32.2(c)(2).

**SO ORDERED:**

Dated:    Central Islip, New York
          March 30, 2016

*Arthur D. Spatt*_____
ARTHUR D. SPATT
United States District Judge